**Randolph C. Lafferty, Esquire**
**COOPER LEVENSON, P.A.**
**1125 Atlantic Avenue, 3rd Floor**
**Atlantic City, New Jersey 08401**
**P: (609) 344-3161**
**F: (609) 572-7391**
**Email: rlafferty@cooperlevenson.com**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **GJJM ENTERPRISES, LLC,** d/b/a Stiletto, <br><br> **Plaintiff,** <br><br> vs. <br><br> **CITY OF ATLANTIC CITY,** <br><br> **Defendant.** | Civil Action No. _____ <br><br> **VERIFIED COMPLAINT** |

Now comes Plaintiff, GJJM Enterprises, LLC ("GJJM"), by and through counsel, who complains against Defendant, City of Atlantic City, New Jersey, as follows:

### PARTIES

1. Plaintiff, GJJM Enterprises, LLC d/b/a Stiletto, owns and operates a nightclub, Stiletto Gentleman's Club, located at 185 S. South Carolina Ave. in Atlantic City, New Jersey. Stiletto presents live erotic dance performances and other forms of live expressive entertainment geared towards an adult audience. GJJM maintains a valid mercantile license for this establishment issued by the City of Atlantic City.

2. Defendant, City of Atlantic City, New Jersey (hereinafter "the City") is a municipal corporation located at 1301 Bacharach Boulevard, Atlantic City, New Jersey and is

1

organized under the laws of the State of New Jersey. At all relevant times, the City acts through its Mercantile Department, which oversees the issuance of business licenses; its Mercantile Director; its Police Department; its Mayor, who acts as the chief executive officer for the City; its City Solicitor and other public officials, departments, and agencies. The actions taken by the City and its officials that are described in this Complaint have been at all times under color of state law.

## PRELIMINARY STATEMENT

3. This is an action under the Constitution and laws of the United States asserting that the City, by and through its Mercantile Department, Mercantile Director, Police Department, Mayor, City Solicitor and other public officials and departments, has engaged in an intentional, relentless, unlawful, and content-based campaign to violate the First Amendment free speech rights of GJJM and its agents. More specifically, by and through its threats to enforce the City's taxi cab licensing regulations against GJJM, which owns and operates a nightclub featuring exotic dancing and other live entertainment, the City has attempted to silence GJJM from providing lawful, truthful advertising and commercial speech to its potential customers. As will be explained in this Complaint, the City's threats violate GJJM's protected First Amendment rights and further exceed the scope of the City's power under its own local ordinances and regulations. As a result, GJJM seeks declaratory and injunctive relief prohibiting the enforcement of taxi cab licensing regulations and mercantile license suspension and revocation provisions against it, as well as monetary relief to compensate GJJM for the loss of its protected free speech rights.

## JURISDICTION

4. This is a lawsuit authorized by law to redress deprivations, under color of state law, of rights, privileges and immunities secured by the First and Fourteenth Amendments of the United States Constitution. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331; 28 U.S.C. § 1343; 28 U.S.C. §§ 2201 and 2202; and by 42 U.S.C. § 1983.

5. Plaintiff also states causes of action under the Constitution and laws of the State of New Jersey. These claims are inherently related to the other claims in this case, over which this Court has original jurisdiction, that they are a part of the same case or controversy under Article III of the United States Constitution. Accordingly, this Court has supplemental jurisdiction of these claims under 28 U.S.C. § 1367.

6. Venue is appropriate in the District of New Jersey because the acts described in this Complaint have all occurred within the state of New Jersey.

## STATEMENT OF THE CASE

### A. Stiletto's Word-Of-Mouth Advertising Campaign

7. Stiletto Gentleman's Club is one of Atlantic City's premier nightlife destinations. Located adjacent to the Atlantic City Boardwalk, the club features upscale live erotic entertainment and frequently hosts tourists, convention groups, and bachelor parties. Stiletto draws the vast majority of its customer base from Atlantic City resorts and hotels. As it has for years, Stiletto offers free limousine service to the club from local hotels.

8. Because its clientele is heavily drawn from tourists, Stiletto relies upon a targeted advertising campaign to raise awareness of its location and services. For example, Stiletto employs licensed handbill distributors who pass out flyers advertising the club to pedestrians on and around the Atlantic City Boardwalk. Stiletto also contracts with taxi cab companies to

display print advertisements on the roofs of cab cars and further places print ads and signage elsewhere around Atlantic City. The club also maintains an active website, where it provides information about the club and provides a telephone contact number for reserving a free limousine ride. All of these advertisements provide truthful information to potential consumers about Stiletto services.

9. Several years ago, Stiletto also began a more active word-of-mouth advertising campaign. Utilizing existing limousine and taxi cab networks, the club provides a per person cash payment to taxi cab and limousine drivers who transport customers to Stiletto. This payment serves two purposes. First and foremost, the payment compensates the drivers for providing information and advertisements about Stiletto to potential customers. Second, the payment helps in offsetting the cost of transportation to the club from local hotels and resorts and is consistent with the club's offer to provide free rides for its clientele.

10. Before participating in the word-of-mouth program, taxi cab and limousine drivers are offered a full tour of the club by management. During the tour, the drivers experience the club as a customer would, so that they are able to truthfully describe the club's attributes, layout, services, and structure to potential customers. In addition, on at least a weekly, if not daily basis, Stiletto provides text message updates to its network of taxi cab and limousine drivers about special events and capacity at the club. In this way, the limousine and taxi cab drivers serve as advertising agents for Stiletto by providing true and accurate commercial information to potential customers.

11. Upon information and belief, many tourists and business customers seek the advice of cab and limousine drivers in choosing a nightlife destination. Stiletto word-of-mouth

advertising program is designed to provide true and accurate information to customers who seek this type of advice.

12. Over the years, the word-of-mouth advertising program has succeeded in bringing a large volume of willing, satisfied customers into Stiletto. In fact, word-of-mouth advertising has been one of the most important ways in which Stiletto provides information to the public. Upon information and belief, Stiletto's competitor nightclubs have also employed a similar word-of-mouth advertising campaign that compensates cab drivers for marketing their businesses to passengers.

13. At no point has Stiletto instructed, encouraged, permitted, or otherwise participated in the diversion of taxi cab passengers from their specified destination to Stiletto. Rather, Stiletto only compensates taxi and limousine drivers who transport willing customers to the club who are arriving there at their own request.

### B. The City's Investigation

14. Beginning in the summer of 2016, Stiletto became aware that the Atlantic City government, through its Mercantile Department, Police Department, and others, was conducting an investigation into whether the club was conspiring with taxi cab drivers to divert passengers from their specified destinations. Stiletto also became aware that the government was threatening to issue civil and possibly criminal citations, as well as to possibly suspend or revoke its mercantile license as punishment for this alleged conspiracy. In fact, Section 170-13(A)(5) of the Atlantic City Code of Ordinances permits suspension or revocation of mercantile licenses when the license holder commits three violations of Atlantic City ordinances over a two year period.

15. In response to these threats, in June 2016, representatives for Stiletto spoke and corresponded with the Atlantic City Solicitor's Office to discuss the issue. Throughout this communication, city officials did not dispute that the City is investigating Stiletto's word-of-mouth advertising campaign, nor did they indicate that the City would not cite Stiletto or suspend or revoke its mercantile license.

16. Section 233-2(L) of the Atlantic City Code of Ordinances provides that: "No taxicab owner or operator, or employee of either, shall divert or attempt to divert any passenger from patronizing any hotel, or other place or type of business of his or her choice, to any hotel or place of business." Separately, Section 233-14.1(A) provides that: "When a taxicab license owner knowingly violates any section of this article, he may be fined and/or have his license suspended or revoked, according to the penalties set forth in this article." These provisions are contained within a Chapter entitled "Taxicabs, Jitneys and Vehicles for Hire" and on their face apply solely to taxi cab drivers, not nightclubs.

17. To the extent that these provisions are or will be applied by the City to restrict, punish, or prospectively chill lawful, truthful, and constitutionally-protected advertising by taxi cab drivers on behalf of Stiletto, Sections 233-2(L) and 233-14.1(A) violate the First Amendment to the United States Constitution and related provisions of the New Jersey Constitution.

## STATEMENT OF CLAIMS

### COUNT ONE:
### Violation of First Amendment Rights
### Under 42 U.S.C. § 1983

18. Each of the foregoing paragraphs is incorporated by reference as if repeated here.

19. Plaintiff GJJM retains a protected First Amendment right to distribute truthful commercial speech about its services.

20. By threatening to enforce its taxi cab licensing restrictions against GJJM, the City has created a chilling effect on GJJM's exercise of its right to commercial speech.

21. The City maintains no compelling, substantial, or legitimate interest in prohibiting the distribution of truthful information about GJJM's services by taxi cab drivers to consenting adults seeking to consume live entertainment in Atlantic City.

22. Even if the City did retain such an interest, enforcement of taxi cab licensing regulations against GJJM and revocation or suspension of GJJM's mercantile license under these and other local regulations are not the least restrictive means of accomplishing the City's goals, nor are these enforcement actions narrowly tailored to the City's interests.

23. Moreover, the City's actions in threatening GJJM are content-based and intended to target businesses presenting erotic entertainment solely on the basis of the message they convey.

24. GJJM is therefore entitled to a declaration that the City's enforcement activities violate its First Amendment free speech rights, to preliminary and permanent injunctive relief enjoining the City from enforcing Sections 233-2(L) and 233-14.1(A) against GJJM, and monetary damages in an amount to be determined at trial to compensate GJJM for the loss of its right to present truthful commercial speech to the consenting adult public.

## COUNT TWO:
## Ultra Vires Act

25. Each of the foregoing paragraphs is incorporated by reference as if repeated here.

26. Neither Section 233-2(L) nor Section 233-14.1(A) applies on its face to nightclubs. Rather, these provisions apply solely to taxi cab drivers. As such, the City has no legal or apparent authority to threaten license revocation against GJJM for alleged violations of these provisions.

27. The City's threats to cite, prosecute, or revoke GJJM's mercantile license are therefore *ultra vires* and without support in law or statute.

28. GJJM is therefore entitled to a declaration that the City lacks authority to cite, prosecute, or revoke GJJM's mercantile license for alleged violations of Sections 233-2(L) or 233-14.1(A), as well as injunctive relief prohibiting the City from enforcing these provisions against it.

## COUNT THREE:
## Violations of New Jersey Constitution

29. Each of the foregoing paragraphs is incorporated by reference as if repeated here.

30. GJJM pleads each of the foregoing federal constitutional claims in the alternative as state constitutional claims under the New Jersey Constitution. More specifically, GJJM pleads a violation of its right to free expression under Article I, Section 6 of the New Jersey Constitution.

WHEREFORE, Plaintiff GJJM Enterprises, LLC seeks the following relief against Defendant City of Atlantic City, New Jersey:

1. A declaration that Sections 233-2(L) and 233-14.1(A), as applied to GJJM, violate the First Amendment to the United States Constitution and Article I, Section 6 of the New Jersey

Constitution and that any attempt by the City to enforce those provisions against GJJM is *ultra vires* and without legal authority;

2. Preliminary and permanent injunctive relief, to be sought by separate motion, enjoining Defendant City of Atlantic City, New Jersey from enforcing Sections 233-2(L) and 233-14.1(A) against GJJM;

3. Monetary damages in an amount to be determined at trial;

4. An award of Plaintiff's reasonable attorney fees and costs pursuant to 42 U.S.C. 1988; and

5. Any such other relief in law or equity that this Court deems appropriate under the circumstances.

Dated: August 15, 2016  /s/ Randolph C. Lafferty

RANDOLPH C. LAFFERTY
Cooper Levenson, P.A.
1125 Atlantic Avenue, Third Floor
Atlantic City, NJ 08401
(609) 572-7390
rlafferty@cooperlevenson.com

JENNIFER M. KINSLEY
*Pro Hac Vice* filing forthcoming
Kinsley Law Office
Post Office Box 19478
Cincinnati, Ohio 45219
(513) 708-2595
Kinsleylawoffice@gmail.com

DANIEL A. SILVER
*Pro Hac Vice* filing forthcoming
Silver & Silver
One Liberty Square
New Britain, Connecticut 06050
(860) 225-3518
dan@lawsilver.com
Counsel for Plaintiff GJJM Enterprises, LLC

9

## CERTIFICATION PURSUANT TO L.Civ.R. 11.2

I, Randolph C. Lafferty, Esquire certify as follows:

1. The matter in controversy in this Verified Complaint is not the subject of any other action pending in any Court or of a pending arbitration or administrative proceeding.

2. There are no other known parties who should be joined in this action at this time.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

/s/ Randolph C. Lafferty

**RANDOLPH C. LAFFERTY, ESQUIRE**
**Attorney for Plaintiff, GJJM Enterprises, LLC**

**DATED:     August 15, 2016**

## VERIFICATION

I, Philip Griffo, declare as follows:

1. I am the owner of CMPJ, LLC, which entity has a management contract with GJJM Enterprises, LLC, the Plaintiff in this lawsuit.

2. Through the management contract with GJJM Enterprises, LLC, CMPJ, LLC acts as the General Manager of GJJM Enterprises, LLC d/b/a Stiletto, the Plaintiff in this lawsuit.

3. I have authority to execute this Verification on behalf of the Plaintiff.

4. I have read the foregoing Verified Complaint and incorporate the facts set forth therein by this reference as if set forth verbatim.

5. I have personal knowledge of the facts alleged in the foregoing Verified Complaint and believe, under penalty of perjury, each alleged fact to be true and accurate to the best of my knowledge and belief.

Executed this 15th day of August, 2016.

_____
PHILIP GRIFFO

JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
GJJM ENTERPRISES, LLC d/b/a Stiletto

**DEFENDANTS**
City of Atlantic City

**(b)** County of Residence of First Listed Plaintiff  **Atlantic County**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  **Atlantic County**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, Email and Telephone Number)*
See attachment.

Attorneys *(If Known)*
City Solicitor's Office
1301 Bacharach Boulevard, Room 406
Atlantic City, NJ 08401

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. 1983 and United States Constitution
Brief description of cause:
Municipal ordinance abridges the United States Constitution, 42 U.S.C. 1983, and the NJ State Constitution

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE
08/11/2016

SIGNATURE OF ATTORNEY OF RECORD
/s/ Randolph C. Lafferty

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

**Attachment to Civil Cover Sheet**

**Attorneys for Plaintiff:**

Randolph C. Lafferty
COOPER LEVENSON, PA
1125 Atlantic Avenue
Atlantic City, NJ 08401
Phone: (609) 344-3161
Fax: (609) 572-7391
Email: rlafferty@cooperlevenson.com

Of Counsel:
JENNIFER M. KINSLEY
*Pro Hac Vice* filing forthcoming
Kinsley Law Office
Post Office Box 19478
Cincinnati, Ohio 45219
(513) 708-2595
Kinsleylawoffice@gmail.com

DANIEL A. SILVER
*Pro Hac Vice* filing forthcoming
Silver & Silver
One Liberty Square
New Britain, Connecticut 06050
(860) 225-3518
dan@lawsilver.com